UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| RUTH ANN COOPER, DPM, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEILMED PHARMACEUTICALS, INC., and JOHN DOES 1-5,<br><br>　　　　Defendants. | Case No. 1:16-cv-945<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff Ruth Ann Cooper, DPM ("Dr. Cooper") alleges the following against Defendants Neilmed Pharmaceuticals, Inc, ("Neilmed Pharmaceuticals") and John Does 1-5:

**PRELIMINARY STATEMENT**

1.　　This case challenges Neilmed Pharmaceuticals' practice of sending unsolicited facsimiles.

2.　　The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Neilmed Pharmaceuticals has sent unsolicited advertisements to Dr. Cooper and the Class via facsimile in violation of the JFPA, including, but not limited to, a facsimile dated August 24, 2016 ("the 8/24 Fax Ad"), a true and correct copy of which is attached hereto as

Exhibit A. The 8/24 Fax Ad describes the commercial availability and/or quality of Neilmed Pharmaceuticals' products. Dr. Cooper is informed and believes, and upon such information and belief avers, that Neilmed Pharmaceuticals has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA, including but not limited to those advertisements sent to Dr. Cooper.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of herself and all others similarly situated, Dr. Cooper brings this case as a class action asserting claims against Neilmed Pharmaceuticals under the JFPA. Dr. Cooper seeks to certify a class including faxes sent to Dr. Cooper and other advertisements sent without prior opt-out language or without prior express invitation or permission, whether sent to Dr. Cooper or not.

5. Dr. Cooper is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Neilmed Pharmaceuticals, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an

award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

7. This Court has personal jurisdiction over Neilmed Pharmaceuticals because Neilmed Pharmaceuticals transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

8. This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9. Dr. Cooper operates a medical clinic located in Cincinnati, Ohio.

10. Neilmed Pharmaceuticals is a California corporation, and its principal place of business is located at 601 Aviation Boulevard in Santa Rosa, California 95403.

11. Neilmed Pharmaceuticals manufactures and sells medical products, including nasal/sinus rinses, decongestants, ear care products, and first aid products.

12. John Does 1-5 will be identified through discover but are not presently known.

## FACTS

13. On August 24, 2016, Neilmed Pharmaceuticals transmitted by telephone facsimile machine an advertisement to Dr. Cooper. A copy of the advertisement ("the 8/24 Fax Ad") is attached hereto as Exhibit A.

14. On information and belief, Neilmed Pharmaceuticals receives some or all of the revenues from the sale of the products, goods, and services advertised in the 8/24 Fax Ad.

Likewise, Neilmed Pharmaceuticals profits and benefits from the sale of the products, goods, and services advertised therein.

15. Neilmed Pharmaceuticals did not obtain the prior express invitation or permission from Dr. Cooper before sending the 8/24 Fax Ad to her office facsimile machine/fax number.

16. On information and belief, Neilmed Pharmaceuticals faxed the 8/24 Fax Ad and other unsolicited advertisements to the fax machines/fax numbers of more than twenty-five other recipients without the required opt-out language and/or the recipients' prior express invitation or permission.

17. There is no reasonable means for Dr. Cooper (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the communications their owners' desire to receive.

18. The 8/24 Fax Ad did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200.

## CLASS ACTION ALLEGATIONS

19. In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Dr. Cooper brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability and/or quality of any property, goods, or services by or on behalf of Neilmed Pharmaceuticals, (3) from which Neilmed Pharmaceuticals did not have prior express invitation or permission, or (4) which did not display a proper opt-out notice.

Dr. Cooper may amend the class definition upon the discovery of additional facsimile advertisements from Neilmed Pharmaceuticals, the identity and/or number of the putative class members, or other discovery.

20. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Dr. Cooper is informed and believes, and upon such information and belief avers, that the number of persons and entities of the putautve Class is numerous and joinder of all members is impracticable. Dr. Cooper is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

21. <u>Commonality (Fed. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a) Whether Neilmed Pharmaceuticals sent unsolicited fax advertisements;

(b) Whether Neilmed Pharmaceuticals' faxes sent to other persons (and not Dr. Cooper) constitute advertisements;

(c) Whether Neilmed Pharmaceuticals' faxes advertised the commercial availability or quality of property, goods, or services;

(d) The manner and method Neilmed Pharmaceuticals used to compile or obtain the list of fax numbers for the 8/24 Fax Ad and other unsolicited faxed advertisements;

(e) Whether Neilmed Pharmaceuticals faxed advertisements without first obtaining the recipient's prior invitation or permission;

(f) Whether Neilmed Pharmaceuticals sent the 8/24 Fax Ad knowingly;

(g) Whether Neilmed Pharmaceuticals violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(h)     Whether the 8/24 Fax Ad contains an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the JFPA, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(i)     Whether Neilmed Pharmaceuticals should be enjoined from faxing advertisements in the future;

(j)     Whether Dr. Cooper and the other members of the class are entitled to statutory damages; and

(k)     Whether the Court should award treble damages.

22.     Typicality (Fed. R. Civ. P. 23 (a) (3)): Dr. Cooper's claims are typical of the claims of all class members. Dr. Cooper received the same or similar faxes by or on behalf of Neilmed Pharmaceuticals as the other class members. Dr. Cooper is making the same claims and seeking the same relief for herself and all class members based upon the same federal statute. Neilmed Pharmaceuticals has acted in the same or in a similar manner with respect to Dr. Cooper and all the class members by sending Dr. Cooper and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

23.     Fair and Adequate Representation (Fed. R. Civ. P. 23 (a) (4)): Dr. Cooper will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

24.     Need for Consistent Standards and Practical Effect of Adjudication (Fed. R. Civ. P. 23 (b) (1)): Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Neilmed Pharmaceuticals, and/or (b) as a practical matter,

6

adjudication of Dr. Cooper's claims will be dispositive of the interests of class members who are not parties.

25. <u>Common Conduct (Fed. R. Civ. P. 23 (b) (2))</u>: Class certification is also appropriate because Neilmed Pharmaceuticals has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Dr. Cooper demands such relief as authorized by 47 U.S.C. § 227.

26. <u>Predominance and Superiority (Fed. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    (a) Proof of the claims of Dr. Cooper will also prove the claims of the class members without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Neilmed Pharmaceuticals may assert and attempt to prove will come from Neilmed Pharmaceuticals' records and will not require individualized or separate inquiries or proceedings;

    (c) Neilmed Pharmaceuticals has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    (d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) Neilmed Pharmaceuticals identified persons to receive 8/24 Fax Ad transmissions and it is believed that Neilmed Pharmaceuticals' and/or Neilmed Pharmaceutical's agents' computers and business records will enable the Dr. Cooper to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Dr. Cooper and the class members with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Neilmed Pharmaceuticals' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violations of the JFPA, 47 U.S.C. § 227 *et seq.***

27. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

28. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

29. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the JFPA, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

(1) A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

(2) A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

(3) A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

(4) The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the JFPA. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in

9

§ (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

30. **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the JFPA, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

    A.    The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the JFPA and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the JFPA (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

    B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the JFPA and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the JFPA (*See* 2006 Report and Order ¶¶ 13-16);

    C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the JFPA and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the JFPA (*See*

2006 Report and Order ¶¶ 24-34);

    D.    The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express invitation or permission" to receive the sender's fax (*See* Report and Order ¶ 48).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of 8/24 Fax Aded advertisement gave "prior express invitation or permission" to receive 8/24 Fax Ad nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the JFPA.

    31.    **8/24 Fax Ad**. Neilmed Pharmaceuticals sent the advertisement on or about August 24, 2016, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Dr. Cooper and members of the Class. The 8/24 Fax Ad constituted an advertisement under the JFPA. Neilmed Pharmaceuticals failed to comply with the Opt-Out Requirements in connection with the 8/24 Fax Ad. The 8/24 Fax Ad was transmitted to persons or entities without their prior express invitation or permission and/or Neilmed Pharmaceuticals are precluded from asserting any prior express invitation or permission or that Neilmed Pharmaceuticals had an established business relationship with Dr. Cooper and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Neilmed Pharmaceuticals violated the JFPA and the regulations promulgated thereunder by sending 8/24 Fax Ad via facsimile transmission to Dr. Cooper and members of the Class. Dr. Cooper seeks to certify a class which includes this fax and all others sent during the four years prior to the filing of this case through the present.

    32.    **Neilmed Pharmaceuticals' Other Violations.** Dr. Cooper is informed and

believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Neilmed Pharmaceuticals have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Class other faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express invitation or permission (and/or that Neilmed Pharmaceuticals are precluded from asserting any prior express invitation or permission or that Neilmed Pharmaceuticals had an established business relationship because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Neilmed Pharmaceuticals violated the JFPA and the regulations promulgated thereunder. Dr. Cooper is informed and believes, and upon such information and belief avers, that Neilmed Pharmaceuticals may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

33. The JFPA provides a private right of action to bring this action on behalf of Dr. Cooper and the Class to redress Neilmed Pharmaceuticals' violations of the JFPA, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

34. The JFPA is a strict liability statute, so Neilmed Pharmaceuticals are liable to the Dr. Cooper and the other class members even if their actions were only negligent.

35. Neilmed Pharmaceuticals knew or should have known that (a) Dr. Cooper and the other class members had not given express invitation or permission for Neilmed Pharmaceuticals or anybody else to fax advertisements about Neilmed Pharmaceuticals' products, goods or

services; (b) the Dr. Cooper and the other class members did not have an established business relationship; (c) Neilmed Pharmaceuticals transmitted advertisements; (d) the 8/24 Fax Ades did not contain the required Opt-Out Notice; and (e) Neilmed Pharmaceuticals' transmission of advertisements that did not contain the required opt-out notice or were sent without prior express invitation or permission was unlawful.

36. Neilmed Pharmaceuticals' actions caused damages to Dr. Cooper and the other class members. Receiving Neilmed Pharmaceuticals' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Neilmed Pharmaceuticals' faxes. Moreover, the Neilmed Pharmaceuticals' faxes used Dr. Cooper's and the other class members' telephone lines and fax machines. Neilmed Pharmaceuticals' faxes cost Dr. Cooper and the other class members time, as Dr. Cooper and the other class members wasted their time receiving, reviewing and routing Neilmed Pharmaceuticals' unauthorized faxes. That time otherwise would have been spent on the Dr. Cooper's and the other class members' business activities. Neilmed Pharmaceuticals' faxes unlawfully interrupted Dr. Cooper's and other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff Dr. Ruth Ann Cooper, DPM, individually and on behalf of all others similarly situated, demands judgment in her favor and against Defendants Neilmed Pharmaceuticals, Inc. and John Does 1-5, jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Dr. Cooper as the representative of the class, and appoint Dr. Cooper's counsel as counsel for the class;

B. That the Court award actual or statutory damages of $500.00 for each violation of the JFPA by Neilmed Pharmaceuticals;

C. That the Court enjoin Neilmed Pharmaceuticals from additional violations of the JFPA; and

D. That the Court award treble damages, pre-judgment interest, post-judgment interest, costs, attorney fees, and such other relief as the Court may deem just and proper.

Respectfully submitted,

RUTH ANN COOPER, DPM, individually and as the representative of a class of similarly-situated persons,

*/s/ Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW W. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, OH  45202
513-241-4722
513-241-8775 (fax)
Email: gjonson@mrjlaw.com
          mstubbs@mrjlaw.com