# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| RUTH ANN COOPER, D.P.M., individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> NEILMED PHARMACEUTICALS, INC., and JOHN DOES 1-5, <br><br> Defendants. | Civil Action No. 1:16-cv-945-DRC <br><br> Judge: Douglas R. Cole |

## PROPOSED UNDISPUTED FACTS

1. Defendant NeilMed Pharmaceuticals, Inc. ("NeilMed") manufactures and sells medical products, including nasal/sinus rinses, decongestants, ear care products, and first aid products. Deposition of Ketan C. Mehta ("Mehta Dep.") 8:25-9:9, ECF No. 61-1, PageID: 892-93.

2. NeilMed distributes free samples of its products to healthcare professionals upon their request. Declaration of Srikanth Pai ("Pai Decl.") ¶ 2, ECF No. 66-3, PageID: 1603.

3. One way NeilMed communicates with doctors is by facsimile transmission. *Id.* ¶ 3, ECF No. 66-3, PageID: 1603.

4. It is, and always has been, NeilMed's practice to send faxes regarding product samples or medical literature *only* to persons who expressly consented to receive them. Def.'s Resp. to Pl.'s Interrogs. No. 16 at 21, ECF No. 66-2, PageID: 1582; Def.'s Suppl. Resp. to Pl.'s Interrogs. No. 13 at 10-12, ECF No. 66-2, PageID: 1597-99; Pai Decl. ¶¶ 3-4, ECF No. 66-3, PageID: 1603-04.

5. The company built an extensive database of doctors' fax numbers over 20 years through various methods:

- NeilMed sales representatives personally visited doctors' offices to distribute product samples, obtain their contact information, business cards, and consent to send faxes about interest in receiving product samples and medical literature.

- Some contacts are personal colleagues of NeilMed's founder, Dr. Ketan Mehta, who consented to him directly.

- NeilMed hosted exhibit booths at hundreds of tradeshows and medical conventions where it demonstrated its products and obtained attendees' contact information and consent to send faxes regarding product samples and medical literature.

- Customers also contacted NeilMed directly by phone, fax, text message, regular mail, and email, and through NeilMed's website, to provide their contact information and request to receive faxes regarding product samples and medical literature.

Def.'s Resp. to Pl.'s Interrogs. No. 16, ECF No. 66-2, PageID: 1582; Def.'s Suppl. Resp. to Pl.'s Interrogs. No. 13, ECF No. 66-2, PageID: 1596-99; Pai Decl. ¶¶ 3-4, ECF No. 66-3, PageID: 1603-04; Mehta Dep. 33:9-36:5, 39:2-41:5, 51:2-5, ECF No. 61-1, PageID: 917-20, 923-35, 935.

6. Plaintiff Dr. Ruth Ann Cooper ("Dr. Cooper") is a podiatrist with a practice in Cincinnati, Ohio. Deposition to Randal B. Cooper ("Randal Cooper Dep.") 29:3-4, ECF No. 64-1, PageID: 1303.

7. NeilMed's database maintains records of health care professionals to whose offices NeilMed sent free samples upon request. Pai Decl. ¶ 8, ECF No. 66-3, PageID: 1604.

8. NeilMed's records confirm NeilMed sent product samples to Dr. Cooper's office on or about September 25, 2013. Pai Decl. ¶ 9, ECF No. 66-3, PageID: 1604.

9. NeilMed does not retain actual requests for samples, so it cannot determine the identity of the person from Dr. Cooper's office who requested the samples or by what means. *See* Deposition of Srikanth Pai ("Pai Dep.") 24:24-25:15, ECF No. 62-1, PageID: 1082-83; *see also* Mehta Dep. 25:7-9, ECF No. 61-1, PageID: 909.

10. However, it was NeilMed's practice at the time only to send samples to doctors' offices *upon request*. *See* Pai Decl. ¶¶ 2, 8, ECF No. 66-3, PageID: 1603-04.

11. NeilMed also added Dr. Cooper's office fax number to its contact database in 2013. *Id.* ¶ 9, ECF No. 66-3, PageID: 1604; Pai Dep. 24:6-9, ECF No. 62-1, PageID: 1082.

12. Dr. Cooper's office has multiple employees at any one time and has experienced turnover. Randal Cooper Dep. 21:7-22:17, ECF No. 64-1, PageID: 1295-96.

13. All of the employees who work and have worked for Dr. Cooper know the office fax number or have "easy access to look it up." *Id.* 22:22-23:5, ECF No. 64-1, PageID: 1296-97.

14. Dr. Cooper's office also uses business cards that display the office fax number. Those business cards are available to all office employees, and the employees are not restricted in giving them out. *Id.* 23:6-25:11, ECF No. 64-1, PageID: 1297-99.

15. Neither before nor after commencing this lawsuit did Dr. Cooper or Randal Cooper query any current or former staff members about those staffers' communications with NeilMed. *See* Deposition of Ruth Ann Cooper, DPM ("Ruth Cooper Dep.") 8:12-17, ECF No. 63-1, PageID: 1262; Randal Cooper Dep. 44:21-24, ECF No. 64-1, PageID: 1318.

16. Dr. Cooper and Randal Cooper's testimony was only that *they*—the two of them— do not recall having given NeilMed consent to send advertisements by fax. *See* Ruth Cooper Dep.

3

9:8-14, ECF No. 63-1, PageID: 1263; Randal Cooper Dep. 44:12-20, 53:23-54:13, ECF No. 64-1, PageID: 1318, 1327-28.

17. Dr. Cooper's office also destroyed employment records from 2013 during the pendency of this lawsuit, so it no longer is possible to query past employees about what consent they provided to NeilMed to use the office fax number to send communications like the one at issue. Randal Cooper Dep. 22:15-21, ECF No. 64-1, PageID: 1296.

18. On August 24, 2016, NeilMed sent to Dr. Cooper's office the communication attached as Exhibit A to NeilMed's Opening Memorandum in Support of Summary Judgment. Memorandum, Ex. A; Pai Dep. 60:15-17, ECF No. 62-1, PageID: 1118. It stated, "Dear Physician and Office Staff, We would like to send you NeilMed product samples. Please fill out the form below to verify your address and confirmation for samples." Memorandum, Ex. A. It described NeilMed products by stating, "NeilMed Sinus Rinse and NeilMed Baby Care, Ear Care, and First Aid device have become an acceptable line of treatment for various self-care for simple ailments." *Id.* It asked the recipient to "update your current address and contact information and fax back to us." *Id.* It also invited the recipient to opt out of further faxes by checking a "remove my name" box and returning the fax. *Id.*

19. The document Dr. Cooper attached to her Complaint, which is attached as Exhibit B to NeilMed's Opening Memorandum in Support of Summary Judgment, differs from Exhibit A in that it contains the notation "[t]his fax was received by GFI FaxMaker fax server. For more information, visit: http://www.gfi.com." *Compare* Memorandum Ex. B, *with* Memorandum Ex. A; *see also* Complaint, Ex. A, ECF No. 1-1, PageID: 16.

4

20. The GFI FaxMaker software enables users to receive communications sent by facsimile transmission without using a fax machine. *See* Bugeja Decl. ¶ 5, ECF No. 66-4, PageID: 1634; Bugeja Dep. 36:12-37:3, ECF No. 80-1, PageID: 3610-11.

21. The software adds this notation and can be configured to do either of two things with the altered message: (1) send it to the recipient as an attachment to an email, from which it can be read, printed (if desired), or deleted; or (2) route it to a printer for automatic printing. Bugeja Decl. ¶¶ 6, 8, ECF No. 66-4, PageID: 1634; Bugeja Dep. 17:15-18:8, 25:17-26:11, 37:22-39:16, ECF No. 80-1, PageID: 3591-92, 3599-600, 3611-13.

22. Communications received using GFI FaxMaker cannot be routed to a traditional fax machine. Bugeja Decl. ¶ 7, ECF No. 66-4, PageID: 1634; Bugeja Dep. 39:17-40:5, ECF No. 80-1, PageID: 3613-14.

23. Neither Dr. Cooper nor Randal Cooper knew how Dr. Cooper's office configured the GFI FaxMaker software at the time NeilMed sent the communication at issue. *See* Ruth Cooper Dep. 7:16-8:3, ECF No. 63-1, PageID: 1261-62; Randal Cooper Dep. 19:4-12, ECF No. 64-1, PageID: 1293.

24. Indeed, Randal Cooper professed unawareness that the office even used GFI FaxMaker software in 2016, Randal Cooper Dep. 19:4-12, ECF No. 64-1, PageID: 1293, but GFI's records are clear on this point and show that Dr. Cooper's office licensed the FaxMaker software beginning no later than May 2016, months before NeilMed sent the communication at issue, and GFI testified that the communication would not bear the "received by GFI FaxMaker" notation if it had not been received and routed using the software. *See* Bugeja Decl. ¶¶ 3, 6, 9, ECF No. 66-4, PageID: 1633-35; Bugeja Dep. 19:5-20:4, ECF No. 80-1, PageID: 3593-94.

25. While this litigation was pending, Dr. Cooper's office discarded the Sharp B402SC device that printed the August 2016 communication without preserving any data or evidence pertaining to the communication. Randal Cooper Dep. 20:7-21:6, ECF No. 64-1, PageID: 1294-95.

Dated: June 26, 2023

Respectfully submitted,

/s/ Jeffrey S. Jacobson
Jeffrey S. Jacobson (*pro hac vice*)
Matthew J. Fedor (*pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Phone: (212) 248-3891
jeffrey.jacobson@faegredrinker.com
matthew.fedor@faegredrinker.com

Helen Marie MacMurray (0038782)
Mac Murray & Shuster, LLP
6530 W. Campus Oval, Suite 210
New Albany, OH 43054
Phone: (614) 939-9955
Facsimile: (614) 939-9954
hmacmurray@mslawgroup.com

*Counsel for Defendant
NeilMed Pharmaceuticals, Inc.*